UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESSE RAY ABRAMS,

        Plaintiff,

v.

JEFFREY SCHAEFER,

        Defendants.

Case No. 3:22-cv-5990-DGE-TLF

REPORT AND RECOMMENDATION

NOTED FOR JUNE 23, 2023

Plaintiff Jesse Ray Abrams, who is unrepresented by counsel, filed this action under 42 U.S.C. §1983. Dkt. 11. Defendant Jeffrey Schaefer moves to dismiss Plaintiff's allegation against him under Federal Rule of Civil Procedure (Fed. R. Civ. P.) 12(b)(6)[1]. The Court, in reviewing Plaintiff's complaint and Defendant Schaefer's motion to dismiss, finds that Plaintiff's case is duplicative of currently pending matters Plaintiff has previously filed. Accordingly, Defendant Schaefer's motion to dismiss should be GRANTED, and Plaintiff's claim against him should be dismissed without prejudice.

**DISCUSSION**

A. Allegations in the Complaint

Plaintiff's allegations appear to stem from his 2022 arrest for rape and an alleged assault in Kitsap County and the conduct of several officials involved in that case,

---

[1] Defendant moved to dismiss on March 13, 2023. Defendant did not file a Rand notice. Thus, on April 17, 2023, the Court ordered Defendant Schaefer to file a Rand notice and re-noted Defendant's motion to dismiss to May 12, 2023. Dkt. 28. Plaintiff did not file a response to Defendant's motion to dismiss.

REPORT AND RECOMMENDATION - 1

including Defendant Schaefer. See Dkt. 11. Plaintiff states Defendant Schaefer violated his right to due process during his 2022 arrest.

In addition, Plaintiff asserts Defendant Schaefer violated his right to due process when he assaulted him on June 4, 2019.

B. Standard under 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

On a motion to dismiss, courts accept as true a plaintiff's well-pleaded factual allegations and construe all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief." *Fontana v. Haskin*, 262 F.3d 871, 876–77 (9th Cir. 2001).

Courts liberally construe a pro se litigant's complaint and hold it to a less stringent standard than those drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Pro se litigants should be granted leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc).

Defendant Schaefer contends the claims against him should be dismissed as duplicative filings.

Defendant Schaefer contends that the facts underlying Plaintiff's complaint are identical to those alleged against Defendant Schaefer in cause numbers 3:22-cv-5714-JCC-GJL and 3:22- cv-5826-BHS. As a result, he argues, the claim here against Defendant Schaefer should be dismissed.

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Calif. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted) (affirming the dismissal of a later-filed duplicative lawsuit). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action." *Id.* at 688. Thus, a district court may dismiss a § 1983 claim that is clearly duplicative of a pending, earlier-filed claim. *See, e.g., Kehano v. Hawaii*, 202 F. App'x. 208, 209 (9th Cir. 2006).

Here, the claim against Defendant Schaefer stems from the same allegations Plaintiff previously brought in case number 3:22-cv-5714-JCC-GJL. Compare Dkt. 11 with 3:22-cv-5714-JCC-GJL, Dkt. 9. As to the claims stemming from Plaintiff's August 2022 arrest, both complaints allege Defendant Schaefer filed a trespassing report against Plaintiff and prevented Plaintiff from speaking with Mayor Greg Wheeler. Compare Dkt. 11 at 4-5 with 3:22-cv-5714-JCC-GJL, Dkt. 9 at 7-8. Further, as to the

claims stemming from the June 4, 2019, incident, in both complaints, Plaintiff claims Defendant Schaefer, along with Defendant Polansky, attempted to ram him between two police vehicles. Compare Dkt. 11 at 5 with 3:22-cv-5714-JCC-GJL, Dkt. 9 at 6. Given that Plaintiff has already brought these claims against Defendant Schaefer under cause number 3:22-cv-5714-JCC-GJL, the Court has discretion to dismiss this matter as duplicative. Therefore, the Court recommends granting the motion to dismiss without prejudice as to the claims against Defendant Schaefer.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the Plaintiff's claim against Defendant Schaefer without prejudice. A proposed Order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **June 23, 2023**, as noted in the caption.

Dated this 6th day of June, 2023.

                                                          Theresa L. Fricke
                                                          United States Magistrate Judge