UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESSE RAY ABRAMS,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JEFFREY SCHAEFER, et al.,<br><br>　　　　　　　　Defendants. | Case No. 3:22-cv-5990-DGE-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR AUGUST 25, 2023 |

This matter is before the Court on Defendant Allyson Barker's motion to dismiss pursuant to Federal Rule of Civil Procedure (Fed. R. Civ. P) 12(b)(6). Dkt. 27[1]. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4. For the reasons set forth below, the undersigned recommends that the Court GRANT Defendant Barker's motion and dismiss the claims against Defendant Barker without prejudice.

FACTUAL BACKGROUND

The facts as described are alleged in the complaint (Dkt. 11) and are assumed to be true only for the purposes of reviewing this motion. *Cedar Point Nursery v. Shiroma*, 923 F.3d 524, 530 (9th Cir. 2019).

---

[1] Defendant originally filed her motion to dismiss on April 13, 2023. Dkt. 27. Because a Rand notice was not filed, the Court entered an order directing Defendant Barker to file one. Dkt. 32. Defendant subsequently filed the Rand notice on June 12, 2023. Dkt. 33. Plaintiff did not respond to Defendant's motion to dismiss.

REPORT AND RECOMMENDATION - 1

In relation to his claim against Defendant Barker, his public defender, Plaintiff alleges that she provided ineffective assistance during his criminal proceeding. Plaintiff alleges that he was deprived of his blood pressure medication for over a week while in Kitsap County Jail in violation of his right against cruel and unusual punishment. He further alleges that Defendant Barker did not notice that he did not file a "NGRI or diminished capacity plee [sic]." Plaintiff states that Defendant Barker spoke to him only once outside of the courtroom in the span of four months. Finally, Plaintiff states that Defendant Barker erred in filing a Section 1983 claim instead of a petition under 28 U.S.C. 2241, but did not specify when this claim was filed and in what context.

## DISCUSSION

A. 12(b)(6) Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

On a motion to dismiss, courts accept as true a plaintiff's well-pleaded factual allegations and construe all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "Specific legal theories need not be pleaded so long as sufficient factual averments

show that the claimant may be entitled to some relief." *Fontana v. Haskin*, 262 F.3d 871, 876–77 (9th Cir. 2001).

Courts liberally construe a pro se litigant's complaint and hold it to a less stringent standard than those drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Pro se litigants should be granted leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc).

B. <u>42 U.S.C. 1983</u>

42 U.S.C. § 1983 "affords a 'civil remedy' for deprivation of federally protected rights caused by persons acting under color of state law." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) overruled in part on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986). To state a claim under Section 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Id*. Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

"[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful [.]" *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) (internal quotation marks and quoted sources omitted).

A defense attorney who conspires with state officials to deprive a client of his federal rights acts under color of state law and may be liable under § 1983. *See Tower*

1  *v. Glover,* 467 U.S. 914, 923, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984). However, "[t]o
2  prove a conspiracy between the state and private parties under [§ ] 1983, the [plaintiff]
3  must show an agreement or meeting of the minds to violate constitutional rights." *United*
4  *Steelworkers of Am. v. Phelps Dodge Corp.,* 865 F.2d 1539, 1540-41 (9th Cir.1989) (en
5  banc) (internal quotation marks and quoted sources omitted). To be liable, "each
6  participant in the conspiracy need not know the exact details of the plan, but each
7  participant must at least share the common objective of the conspiracy." *Id.* at 1541.
8  Although the Court liberally construes pleadings, allegations of conspiracy are subject to
9  a heightened pleading requirement, and the complaint must contain more than
10 conclusory allegations. *See Price v. Hawaii,* 939 F.2d 702, 707-09 (9th Cir.1991).

11         Plaintiff must "plead that (1) the defendants acting under color of state law (2)
12 deprived [him] of rights secured by the Constitution or federal statutes." *Gibson v.*
13 *United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). The United States Supreme Court
14 has held that court-appointed criminal defense attorneys are not state actors, and
15 therefore, are not subject to § 1983 liability when they are acting in the capacity of an
16 advocate for their clients. A "lawyer representing a client is not, by virtue of being an
17 officer of the court, a state actor 'under the color of state law' within the meaning of §
18 1983." *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981).
19         In this case, Defendant Barker, a public defender, represented Plaintiff in his
20 criminal proceeding.
21         Plaintiff alleges Ms. Barker is liable under § 1983 based on her actions as his
22 defense attorney. See Dkt. 1-1. He specifically alleges Defendant Barker provided
23 ineffective assistance during his criminal proceeding by only speaking to him once
24
25

outside the courtroom, by not noticing that he did not file NGRI or diminished capacity plea, and by filing a Section 1983 claim for him as opposed to a habeas petition. All of these actions clearly fall within the traditional functions of counsel in a criminal matter. Thus, it cannot be said that Defendant Barker was acting under color of state law. Nor did Plaintiff make any allegations of conspiracy.

With respect to Plaintiff's claim that he was deprived of his blood pressure medication while at Kitsap County Jail, Plaintiff makes no specific allegation against Defendant Barker. He does not explain what the relationship is between the allegation and the Defendant.

Plaintiff has failed to state a claim against Defendant Barker. The Court should therefore GRANT Defendant Barker's motion to dismiss.

CONCLUSION

Because Plaintiff has failed to show how Defendant Barker qualifies as a "state actor" under Section 1983, Plaintiff's claim against her should be DISMISSED.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on August 25, 2023, as noted in the caption.

Dated this 8th day of August, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge