1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

JESSE RAY ABRAMS,

7
                          Plaintiff,

8         v.

9    JEFFREY SCHAEFER,

                          Defendants.

10

Case No. 3:22-cv-5990-DGE-TLF

REPORT AND
RECOMMENDATION

NOTED FOR SEPTEMBER 1, 2023

11      Plaintiff Jesse Ray Abrams, who is unrepresented by counsel, filed this action

12   under 42 U.S.C. §1983. Dkt. 11. Defendant Chad Enright moves to dismiss Plaintiff's

13   allegation against him under Federal Rule of Civil Procedure (Fed. R. Civ. P.) 12(b)(6)[1].

14   Dkt. 35. The Court, in reviewing Plaintiff's complaint and Defendant Enright's motion to

15   dismiss, finds that Plaintiff's defamation claims are barred by *res judicata*. Because the

16   claims in this case are the same as Plaintiff's other closed matter, these claims should

17   be DISMISSED with prejudice.

18      Further, the Court finds that Plaintiff's due process claim against Defendant

19   Enright is barred under the *Heck* doctrine and *Younger* abstention doctrine. Because

20   the exclusive remedy for Plaintiff's claim for release from incarceration is to pursue a

21   writ of habeas corpus, Plaintiff's claims relating to his state criminal proceedings are not

22

23

24   [1] Plaintiff did not file a response to Defendant's motion to dismiss.

25

REPORT AND RECOMMENDATION - 1

actionable as a matter of law. Thus, Plaintiff's remaining claim against Defendant Enright should be dismissed without prejudice.

## DISCUSSION

A.  Allegations in the Complaint

Plaintiff's allegations appear to stem from his 2022 arrest for rape and an alleged assault in Kitsap County and the conduct of several officials involved in that case, including Defendant Enright, the elected Prosecuting Attorney for Kitsap County. *See* Dkt. 11 (Complaint). Plaintiff states Defendant Enright violated his right to due process, and engaged in bribery, fraud and false allegations. Plaintiff also states that Defendant Enright coerced testimony from Plaintiff.

In addition, Plaintiff asserts allegations of defamation against Defendant Enright. Specifically, he alleges that Defendant Enright falsely accused Plaintiff of making threats against him and informed federal investigators of such threats. Plaintiff finally states that Defendant Enright put a link on the Kitsap County Superior Court's website to Plaintiff's psychological evaluation for his criminal matter Kitsap County Cause.

Plaintiff requests that this court dismiss his state criminal case.

B.  Judicial Notice

Defendant Enright has requested the Court take judicial notice of certain public records in considering this motion. *See* Dkt. 35 at 1-2. These documents are: (1) Exhibit A – copy of Plaintiff's Amended Complaint filed in Case No. 3:22-cv-5826-BHS-JRC; (2) Exhibit B – copy of Plaintiff's Statement of Additional Grounds filed in Case No. 3:22-cv-5826-BHS-JRC; (3) and Exhibit C –copy of the Court's Order dismissing Plaintiff's claims against Defendant Enright in Case No. 3:22-cv-5826-BHS-JRC.

Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not subject to reasonable dispute. *See also Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (internal quotation marks omitted)). Court orders and filings are proper subjects of judicial notice. *See, e.g., United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (noting that a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other court filings). Because Exhibits A, B and C are documents considered matters of public record, these documents are a proper subject of judicial notice. *See Black*, 482 F.3d at 1041.

Thus, the Court grants Defendant Enright's request for judicial notice as to Exhibits A, B and C, and the Court will consider these documents in deciding the pending motion.

C.  Standard under 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

On a motion to dismiss, courts accept as true a plaintiff's well-pleaded factual allegations and construe all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief." *Fontana v. Haskin*, 262 F.3d 871, 876–77 (9th Cir. 2001).

Courts liberally construe a pro se litigant's complaint and hold it to a less stringent standard than those drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Pro se litigants should be granted leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc).

D. *Res Judicata*

Defendant Enright contends all claims against him are barred by *res judicata;* he contends that the facts underlying Plaintiff's complaint are identical to those alleged against him in cause number 3:22-cv-5826-BHS-JRC. In cause number 3:22-cv-5826-BHS-JRC, Plaintiff's claims against Defendant Enright were dismissed with prejudice. As a result, he argues, the claims here against Defendant Enright should also be dismissed.

For res judicata to apply, there must be: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties. *Western Radio Services Col, Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). Those elements are met here.

First, there is an identity of claims. Here, the defamation claims against Defendant Enright stem from the same allegations Plaintiff previously brought in case number 3:22-cv-5826-BHS-JRC. *Compare* Dkt. 11 *with* 3:22-cv-5826-BHS-JRC, Dkt. 7. Similar to the instant case, Plaintiff alleged that Defendant Enright told someone that Plaintiff made threats against his life and that Defendant Enright put a link to Plaintiff's psychological evaluation on a Kitsap County website in Case Number 3:22-cv-5826-BHS-JRC.

The second element is also met. The dismissal of the 3:22-cv-5826-BHS-JRC action was with prejudice, and therefore qualifies as a final judgment on the merits. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) ("the phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'"). A dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), as in the *Caruso* matter, "is a 'judgment on the merits.'" *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981).

Finally, there is an identity of the parties. Each case was brought by Plaintiff, and Defendant Enright was also a defendant in 3:22-cv-5826-BHS-JRC.

All of the elements of *res judicata* are met. Plaintiff has already had an opportunity to litigate the same defamation claim he has brought here, and this claim should therefore be dismissed. Because this is a flaw that no amendment can remedy, the Court recommends dismissal with prejudice.

D.  Plaintiff's Due Process Claim

While the Court agrees with Defendant that Plaintiff's remaining allegations against Defendant appear to be related to his criminal proceeding, the Court does not

find that these allegations are necessarily duplicative of the claims brought against

Defendant Enright in 3:22-cv-5826-BHS-JRC. Here, Plaintiff generally states that

Defendant Enright violated his right to due process. Factually, Plaintiff claims that

Defendant Enright accepted a bribe from the Bremerton Police Department in exchange

for making Plaintiff an accessory to robbery.

Although the Court finds that this claim was not brought in 3:22-cv-5826-BHS-

JRC, Plaintiff's remaining claim against Defendant Enright should be dismissed on the

bases that: (1) Plaintiff's claim is *Heck* barred; (2) habeas corpus is Plaintiff's exclusive

remedy for relief rather than § 1983; and (3) *Younger* abstention applies to Plaintiff's

claim.

      i.    *Heck* Bar

To the extent Plaintiff's claim challenges actions taken during his criminal

proceedings in his pending criminal case, this claim is *Heck* barred. A civil rights

complaint seeking damages under § 1983 cannot proceed when "a judgment in favor of

the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it

would, the complaint must be dismissed unless the plaintiff can demonstrate that the

conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477,

487 (1994).

The § 1983 action "is barred (absent prior invalidation)—no matter the relief

sought (damages or equitable relief), no matter the target of the prisoner's suit (state

conduct leading to conviction or internal prison proceedings)—if success in that action

would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v.

Dotson*, 544 U.S. 74, 81–82 (2005) (emphasis in original). To obtain federal judicial

review of a state conviction or sentence, a party must file a petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254 and must first exhaust his state judicial remedies.

*See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Finally, *Heck* applies to pending criminal charges. *Harvey v. Waldron*, 210 F.3d

1008, 1014–15 (9th Cir. 2000) (holding "a claim, that if successful would necessarily

imply the invalidity of a conviction in a pending criminal prosecution, does not accrue so

long as the potential for a conviction in the pending criminal prosecution continues to

exist").

Here, part of Plaintiff's § 1983 action is based on Defendant Enright's alleged

conduct during Plaintiff's state case. Plaintiff states that he is a pretrial detainee. As

Plaintiff's criminal charges in his state case have not been dismissed and are still

pending, the § 1983 claims related to that pending criminal case are not cognizable.

ii.    Habeas Corpus versus § 1983 Action

Defendant Enright argues Plaintiff's claims relating to his pending state criminal

proceedings arise under habeas corpus and therefore should be dismissed from this §

1983 action.

An "action lying at the core of habeas corpus is one that goes directly to the

constitutionality of the prisoner's physical confinement itself and seeks either immediate

release from that confinement or the shortening of its duration. . . . With regard to such

actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v.*

*Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation omitted). "A habeas petition

under section 2241 is the appropriate vehicle for a challenge to a person's detention

when the person is in custody, but not pursuant to the judgment of a state court, e.g., it

is the appropriate basis for a challenge to detention by a pretrial detainee." *Dyer v. Allman*, No. 18-CV-04513-RS (PR), 2018 WL 4904910, at *1 (N.D. Cal. Oct. 9, 2018) (citing *Hoyle v. Ada Cty*, 501 F.3d 1053, 1058 (9th Cir. 2007)). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991).

Here, Plaintiff's claim challenging his physical confinement, specifically relating to allegedly coerced evidence, may only be properly raised in a § 2241 habeas petition and is not cognizable in this § 1983 action. Therefore, Plaintiff has failed to state a claim upon which relief can be granted.

iii.    *Younger* Abstention

Finally, regardless of whether this case is filed as a § 1983 action or a habeas petition, Plaintiff's claim challenging his pending state criminal proceedings should not be brought in federal court, under the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971).

Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke the *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would

make abstention inappropriate." *Middlesex Cty Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

First, Plaintiff is a pre-trial detainee with ongoing state proceedings. Second, as these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Younger*, 401 U.S. at 43–44. Third, Plaintiff has failed to allege facts showing he has been denied an adequate opportunity to address the alleged constitutional violations in these state court proceedings. Last, Plaintiff raises claims that would effectively enjoin the ongoing state judicial proceeding. Therefore, the *Younger* abstention applies and plaintiff fails to state a claim upon which relief can be granted.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the Plaintiff's defamation claims against Defendant Enright with prejudice and his due process claim against Defendant Enright without prejudice. A proposed Order accompanies this Report and Recommendation.

1    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall

2  have fourteen (14) days from service of this report to file written objections. *See also*

3  Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for

4  purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can

5  result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474

6  U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations

7  omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is

8  directed to set the matter for consideration on September 1, 2023, as noted in the

9  caption.

10    Dated this 17th day of August, 2023.

11

12

13

14  Theresa L. Fricke
    United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25