UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESSE RAY ABRAMS,<br><br>                Plaintiff,<br>     v.<br><br>JEFFREY SHAFFER et al.,<br><br>                Defendants. | CASE NO. 3:22-cv-05990-DGE<br><br>ORDER ADOPTING REPORTS AND RECOMMENDATIONS (DKT. NOS. 41, 42) |

    Presently before the Court are the Reports and Recommendations ("R&Rs") of United States Magistrate Judge Theresa L. Fricke.  (Dkt. Nos. 41, 42.)

    **I.**    **R&R on Motion to Dismiss filed by Defendant Allyson Barker (Dkt. No. 41)**

    Judge Fricke recommends the Court grant the motion to dismiss filed by Plaintiff's public defender, Allyson Barker.  (Dkt. No. 27.)  Judge Fricke found Barker's actions fell within the traditional functions of counsel in a criminal matter, and that Barker was therefore not acting under color of state law in a manner which would make her liable for ineffective assistance of counsel pursuant to 42 U.S.C. § 1983.  (*Id.* at 5.)  Judge Fricke also found Plaintiff made no

specific allegations against Defendant Barker with respect to his claim that he was deprived of his blood pressure medication while at Kitsap County Jail. (*Id.*).

II.     **R&R on Motion to Dismiss filed by Defendant Chad Enright (Dkt. No. 42)**

Judge Fricke also recommends the Court grant the motion to dismiss filed by Defendant Chad Enright, the Prosecuting Attorney for Kitsap County. (Dkt. No. 35.) Judge Fricke found Plaintiff's defamation claim against Enright was barred by the doctrine of res judicata. (*Id.* at 4–5.) Judge Fricke found Plaintiff's remaining and that Plaintiff's remaining claims against Enright should be dismissed because they were not cognizable in a § 1983 claim and were barred under *Heck* and the *Younger* abstention doctrine. (*Id.* at 6–9.)

III.    **Plaintiff's Responses (Dkt. Nos. 43, 44, 46)**

Plaintiff contends there is "substantial evidence" that Barker did not adequately represent his interests while acting as his public defender. (Dkt. No. 43.) Plaintiff furthers contends Enright was aware of his stay at the Western State Mental Hospital between May 14, 2023 and August 5, 2023, which made it difficult for him to adequately respond to Enright's motion to dismiss, which was filed on July 3, 2023. (*Id.*) Enright contends he was not aware of Plaintiff's hospital stay and notes Plaintiff did not notify defendants or the Court of a change of address. (Dkt. No. 45.) In response to Enright's motion to dismiss, Plaintiff contends there was "foul play" behind the decision of Enright and Kitsap County jail staff to withhold his blood pressure medication.[1] (Dkt. No. 46.)

---

[1] Enright does not object to the Court considering Plaintiff's response to the motion to dismiss, which was filed several weeks late. (Dkt. No. 47.)

ORDER ADOPTING REPORTS AND RECOMMENDATIONS (DKT. NOS. 41, 42) - 2

### IV. Discussion

Plaintiff's objections are to some extent duplicative of the allegations in his complaint and do not address or call into question the reasoning set forth in the R&Rs. There also is no evidence Plaintiff's hospital stay prevented him from filing his objections in a timely manner. Even if it had, Plaintiff's untimely objections have been considered by the Court (Dkt. No. 43), as well as his response to Enright's motion to dismiss (Dkt. No. 46). Once more, they do not address the legal analysis contained in the R&Rs.

### V. Order

Having reviewed the R&Rs, Plaintiff's objections/responses, and the remaining record *de novo*, the Court finds and ORDERS:

(1) The Court ADOPTS the Reports and Recommendations (Dkt. Nos. 41, 42.)

(2) The case is DISMISSED without prejudice.

(3) The Clerk is directed to provide a copy of this Order to Plaintiff.

Dated this 17th day of November, 2023.



David G. Estudillo
United States District Judge